FILED
MARCH 7, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

08 C 1390

JUDGE GOTTSCHALL
MAGISTRATE JUDGE COX

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Daniel L. Zaborac, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. |
| Harris & Harris, Ltd., an Illinois corporation, | ) ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Daniel L. Zaborac, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et seq.</u> ("FDCPA"), for a declaration that Defendant's debt collection practices violate the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1.  This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.  Venue is proper in this District because the acts and transactions occurred here and Defendant resides and transacts business here.

### PARTIES

3.  Plaintiff, Daniel Zaborac ("Zaborac"), is a citizen of the State of Indiana, residing in the Northern District of Indiana, from whom Defendant attempted to collect delinquent consumer debts allegedly owed to St. Margaret Mercy Healthcare Center.

4.  Defendant, Harris & Harris, Ltd. ("Harris"), is an Illinois corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses

the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts from its offices in the Northern District of Indiana. In fact, Harris was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Mr. Zaborac.

## FACTUAL ALLEGATIONS

5. Mr. Zaborac's minor son was undergoing on-going medical treatment at St. Margaret Mercy in Munster, Indiana. Due to their health insurance carrier's reimbursement limits, the Zaboracs asked that they be told when they reached their policy limits.

6. Nonetheless, St. Margaret failed to timely provide the Zaboracs with billing invoices so that would know what they were being charged for the treatments, failed to timely submit the claims to the insurance carrier, and failed to timely submit treatment notes needed for payment of the claims. This led to there being an unpaid balance of more than $1,700 in medical bills allegedly owed by the Zaboracs. The Zaboracs were disputing these debts with St. Margaret when the debts were turned over to Defendant Harris for collection.

7. Defendant Harris sent Mr. Zaborac form collection letters, dated February 27, 2008, demanding payment of the debts he was disputing with St. Margaret Mercy. These letters were not mailed to him until February 29, 2008. Copies of these letters and their envelopes are attached as Group Exhibit A.

8. On February 28, 2008, Defendant Harris called Mr. Zaborac and left him a message at his home demanding that he call Harris back; however, when Mr. Zaborac

called Harris, he was transferred through the firm's phone system several times and disconnected.

9. On February 29, 2008, one of Defendant Harris' debt collectors, "Dana Paige," called Mr. Zaborac at his home and informed Mr. Zaborac that Defendant Harris was attempting to collect two debts he owed to Saint Margaret Mercy. Mr. Zaborac told Ms. Paige that he disputed owing the debts and that he was represented by counsel and tried to give Ms. Paige his attorneys' information.

10. Instead of taking the attorney information from Mr. Zaborac, Defendant Harris' debt collector, Ms. Paige, demanded that Mr. Zaborac tell her why he did not owe the debt. Mr. Zaborac again told Ms. Paige that he was represented by counsel, that he would rather have his attorney handle the matter and again attempted to give Ms. Paige the attorney information.

11. Defendant's debt collector, Ms. Paige, interrupted Mr. Zaborac and again demanded that Mr. Zaborac tell her why he did not owe the debts and that she needed an immediate answer from Mr. Zaborac. Mr. Zaborac yet again tried to give Ms. Paige his attorney's information, but Ms. Paige stated that she "did not have time for this" and rudely hung up on Mr. Zaborac.

12. All of the collection actions at issue occurred within one year of the date of this Complaint.

13. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

14. Plaintiff adopts and realleges ¶¶ 1-13.

15. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

16. Defendant knew that Plaintiff was represented by an attorney in connection with these debts because Mr. Zaborac repeatedly informed Defendant's debt collector of this fact several times. Defendant, instead of immediately ending the call after being informed that Plaintiff was represented by an attorney, continued its collection communications in violation of § 1692c(a)(2) of the FDCPA.

17. Defendant's violation of § 1692c(a)(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692g Of The FDCPA --
### Ineffectively Conveying The 30-Day Validation Notice

18. Plaintiff adopts and realleges ¶¶ 1-13.

19. Section 1692g of the FDCPA requires that, within 5 days of Defendant Plaza's first communication to a consumer, an effective validation notice must be provided, i.e., notice that the consumer has 30 days to challenge the validity of the debt and seek verification of it. (See, 15 U.S.C. § 1692g). Although Defendant Harris' letters

4

contain the notice required by § 1692g, Defendant's statements during its telephone call rendered the validation notice ineffective.

20. Specifically, Defendant's demands that Mr. Zaborac give a reason why he did not owe the debt wrongly gave the impression that a consumer can only dispute the debt if they have a reason. In fact, a consumer can dispute the validity of a debt for a good reason, a bad reason or no reason at all. See, Whitten v. ARS National Services, Inc., 2002 WL 1050320 and 2002 WL 1332001 (N.D. Ill. 2002), and Mendez v. M.R.S. Associates, 2005 WL 1564977 (N.D. Ill.)(Pallmeyer, J.). Defendant's collection communications wrongly confuse consumers as to their rights to dispute the validity of an alleged debt and thus, Defendant has ineffectively conveyed the 30-day validation notice in violation of § 1692g of the FDCPA.

21. Defendant's violation of § 1692g of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**PRAYER FOR RELIEF**

Plaintiff Daniel L. Zaborac, prays that this Court:

1. Declare that Defendant's debt collection practices violated the FDCPA;

2. Enter judgment in favor of Plaintiff Zaborac, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

**JURY DEMAND**

Plaintiff Daniel L. Zaborac, demands trial by jury.

Daniel L. Zaborac,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated:  March 7, 2008

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Bonnie C. Dragotto  (Ill. Bar No. 06286065)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com